SULAIMANLAW GROUP
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWNI- LIN JONES<br><br>Plaintiff,<br><br>v.<br><br>MANDARICH LAW GROUP, LLP,<br><br>Defendant. | Case No. 2:24-cv-00856<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Tawni- Lin Jones ("Plaintiff"), by and through the undersigned counsel, complaining of Mandarich Law Group, LLP ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair

1

Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, and Defendant conducts business in the Central District of California and maintains significant business contacts in the Central District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

5. Defendant is a law group engaged in the collection of debts within the State of California. Defendant maintains its principal place of business at 550 W. Washington Blvd. Suite 701 Chicago, Illinois 60661.

6. The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events giving rise to this action, Plaintiff opened a line of

2

credit with Walmart through Capital One ("subject debt").

8. Unfortunately, Plaintiff was unable to sustain timely payments and defaulted on the subject debt.

9. Sometime thereafter, Defendant obtained the subject debt for collection purposes in the amount of $3,017.51.

10. In or around December 2023, Plaintiff received a collection notice from Defendant attempting to collect the subject debt.

11. Shortly after receiving Defendant's collection letter, Plaintiff placed an outgoing call to Defendant to gather more information.

12. During the call, Plaintiff spoke with Amber, an employee of Defendant, who explained the subject debt was owed to Capital One, and there was a judgment against Plaintiff for the outstanding debt.

13. Plaintiff was bewildered by Defendant's remarks regarding a judgment entered against her for the outstanding debt, as she was never served with any summons for a lawsuit regarding this matter.

14. Plaintiff ended the call with Defendant and was concerned that she had failed to appear in a lawsuit filed resulting in a judgment owed.

15. Feeling distressed, Plaintiff contacted Defendant once more to verify the previously relayed information regarding the subject debt.

16. Upon calling Defendant, Plaintiff spoke with Jennifer, another employee of Defendant, who stated there was no judgment against Plaintiff for the

subject debt.

17. Plaintiff was greatly confused by Defendant's conflicting statements from each employee and asked why she was provided with misleading information.

18. After giving Plaintiff the run-a-round, Defendant ended Plaintiff's call.

19. Despite speaking with Defendant, Plaintiff was greatly confused and concerned by Defendant's misleading collection efforts and began to search for counsel to aid her troubles.

20. After retaining counsel for violations of Defendant's actions, Plaintiff was contacted by Defendant's attorney by the name of Martin Weingarten.

21. During the answered telephone, Mr. Weingarten was incredibly apologetic and explained that there was no judgment against Plaintiff for the subject debt.

22. Plaintiff explained to Mr. Weingarten that she retained an attorney for Defendant's actions.

23. Shortly thereafter, Mr. Weingarten placed a second call on Defendant's behalf to Plaintiff's cellular telephone despite Plaintiff notifying Mr. Weingarten that she was represented by an attorney.

24. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

25. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

26. Plaintiff was unduly inconvenienced and misled by Defendant's unlawful attempts to collect the alleged subject debt.

## DAMAGES

27. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

28. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

29. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged subject debt.

30. Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, waiting Plaintiff's time, increased risk of future identity theft, harassment, depression, emotional distress, anxiety, and loss of concentration.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. The alleged subject debts are a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for

5

personal, family, or household purposes.

34. Defendant used the phone to attempt to collect the alleged subject debts and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

35. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

36. Defendant's communications to Plaintiff were made in connection with the collection of the alleged subject debt.

37. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

**a. Violations of FDCPA §1692e**

38. Defendant violated §1692e by engaging in false, deceptive, and misleading conduct in its attempt to collect on the alleged subject debt. Specifically, Defendant misleadingly told Plaintiff that there was a judgment against the subject debt despite no lawsuit taking place.

39. Moreover, Defendant violated §§1692e, e(2), and e(10) when it utilized deceptive and false representation in effort to coerce Plaintiff into making a payment.

40. Had Defendant reviewed the account properly before attempting to collect the subject debt, then Defendant would have seen that there was no judgment against Plaintiff for the subject debt.

  **b. Violations of FDCPA §1692f**

41. Defendant violated §1692f and f(1) by using unfair and unconscionable means in attempt to collect the subject debt.

42. As mentioned before, Defendant's representatives provided conflicting statements when they attempted to collect the subject debt from Plaintiff. Specifically, Defendant alleged that there was a judgment against Plaintiff for the subject debt when in fact there was never a judgment or lawsuit filed at any time.

43. It was extremely unfair of Defendant to deceptive means to collect the subject debt from Plaintiff.

**WHEREFORE**, Plaintiff, TAWNI- LIN JONES respectfully requests that this Honorable Court:

 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
 b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
 c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
 d. Award any other relief as the Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT**

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

46.     The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

47.     Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

48.     The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

49.     As outlined above, through their conduct in attempting to collect upon the alleged subject debt, Defendant violated 1788.17; and 15 U.S.C. §1692e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

50.     Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff, TAWNI- LIN JONES, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: January 31, 2024                     Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*